SCHALL, Circuit Judge,
dissenting.
The work performed by Mr. Cameron between March 31, 2005, when he was retained by Mr. Bartlett, and July 19, 2005, when the RO issued its decision implementing the Board’s final decision, was limited in the extreme. Under these circumstances, one cannot help but recoil, as the majority does, at Mr. Cameron’s claim for attorney fees. That said, I believe the result reached by the majority today is contrary to the clear language of the statute, 38 U.S.C. § 5904(c)(1). I therefore respectfully dissent.
*1371 The statute provides that a fee may be charged for “services provided” after the date on which the Board “first makes a final decision in the case.” It is undisputed that the work performed by Mr. Cameron, for which he is claiming attorney fees, took place after the Board’s March 16, 2005 final decision. In my view, for that reason, Mr. Cameron’s claim is covered by the language of § 5904(e)(1).
The majority, though, concludes that the work performed by Mr. Cameron after March 16, 2005, and prior to July 19, 2005, which consisted of drafting letters to the RO, did not rise to the level of “services” within the meaning of the statute. In reaching that conclusion, the majority notes that, at most, all Mr. Cameron did following the Board’s remand was send two letters to the RO requesting a decision. See Majority Op. 1369-70. According to the majority, that work did not constitute the providing of legal services: “[Wjhen an RO simply implements the relief granted in the first final Board decision, there are no services to be provided by an attorney to the veteran.” See id. at 8.
As a matter of policy, the majority’s decision has much to recommend it. It can quite reasonably be argued that Mr. Cameron should not be able to recover attorney fees for the extremely limited work he performed. The problem I have with the majority’s approach is that I am unable to find anything in the statutory language which limits the meaning of the word “services” in the way the majority does. If Congress had wished to limit the circumstances under which work performed by an attorney after a final Board decision qualifies as “services provided,” it could easily have done so.
In my view, however, the statute does provide a way of addressing the circumstances presented by a case such as this. Pursuant to the prior version of 38 U.S.C. § 5904(c)(2) relevant to this appeal, “[t]he Board, upon its own motion or the request of either party, may review such a fee agreement and may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable.” I see nothing to prevent the Board from considering, on its own motion, whether the fee claimed by Mr. Cameron in this ease is unreasonable and then reducing the fee if it determines that it is unreasonable.
For the reasons set forth above, I would hold that the Board and the Court of Appeals for Veterans Claims (“Veterans Court”) erred in holding that the work performed by Mr. Cameron that is at issue did not qualify as “services” under prior § 5904(c)(1). I therefore would reverse the Veterans Court’s decision and would remand the case with the instruction that the court, in turn, remand the case to the Board for the Board to determine the amount of fee to which Mr. Cameron is entitled, noting that the Board has the authority under prior § 5904(c)(2) to consider, on its own motion, the reasonableness of the fee claimed by Mr. Cameron.